IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DANYAHLE L. MOSLEY,**
**No. 10113-025,**

   Petitioner,

vs.

**T.G. WERLICH,**

   Respondent.        Case No. 18–cv–00574-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

  Petitioner Danyahle Mosley is currently incarcerated in the Federal Correctional Institution located at Greenville, Illinois ("FCI-Greenville"). He brings this federal habeas corpus action pursuant to 28 U.S.C. § 2241 in order to challenge his sentence in *United States v. Mosley*, No. 13-cr-30026 (S.D. Ill.) ("criminal case"). In 2013, Mosley was convicted pursuant to a written plea agreement of being a felon in possession of a firearm. (Doc. 21, criminal case). He was sentenced to 15 years of imprisonment as an armed career criminal. (Doc. 40, criminal case). Mosley brought an unsuccessful collateral attack pursuant to 28 U.S.C. § 2255. *Mosley v. United States*, No. 16-cv-00206-NJR (S.D. Ill. 2016). Relying on the United States Supreme Court's decision in *Mathis v. United States*, 579 U.S. —, 136 S. Ct. 2243 (2016), Mosley now attacks his enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his prior convictions in Illinois for residential burglary (Case No.

1

01-CF-34801 and Case No. 04-CF-06101) and robbery (Case No. 08-CF-94101). Mosley maintains that none of these convictions qualify as predicate offenses in light of *Mathis*, particularly his convictions for residential burglary. (Doc. 1, pp. 1-11). He asks this Court to vacate his sentence. (Doc. 1, p. 11).

This matter is now before the Court for review of the § 2241 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

In light of the rapidly developing case law addressing sentence enhancements based on Illinois burglary convictions, in particular, the Court deems it appropriate to order a response. *See, e.g., Shields v. United States*, 885 F.3d 1020 (7th Cir. Mar. 21, 2018) (recent precedent forecloses argument that Illinois residential burglary conviction no longer qualifies as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)); *Smith v. United States*, 877 F.3d 720 (7th Cir. Dec. 13, 2017) (Illinois residential burglary conviction based on 1982 statute counts as a violent felony under § 924(e)); *United States v. Haney*, 840 F.3d 472 (7th Cir. 2016) (pre-1982 version of Illinois law covering ordinary burglary did not satisfy federal definition and no longer counted as violent felony under § 924(e)); *Dawkins v. United States*, 809

F.3d 953 (7th Cir. 2016) (pre-*Mathis* case holding that Illinois residential burglary is equivalent to generic burglary of a dwelling and counts as an enumerated crime of violence under U.S.S.G. § 4B1.2(a)(2)); *Dawkins v. United States*, 829 F.3d 549 (7th Cir. 2016) (post-*Mathis* case questioning whether *Mathis* makes Illinois residential burglary conviction suspect under the ACCA and U.S.S.G., but declining to address question and directing petitioner to bring independent claim under § 2241, if at all).

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ALSO ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the

3

pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

Judge Herndon
2018.04.12
09:13:25 -05'00'

**United States District Judge**

4