IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANYAHLE L. MOSLEY, #10113-025, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 18-cv-0574-NJR |
| BRYAN M. ANTONELLI, | ) ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Danyahle L. Mosley, an inmate in the Bureau of Prisons, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Mosley is currently incarcerated at Hazelton USP in Bruceton Mills, West Virginia, serving a 180-month sentence after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] *United States v. Mosley*, 13-cr-30026-NJR-1, Doc. 42 (S.D. Ill. Oct. 7, 2013). His sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), based on three prior Illinois felony convictions: a 2001 residential burglary pursuant to 720 ILCS 5/19-3 (1985), a 2004 residential burglary pursuant to 720 ILCS 5/19-3 (2001), and a 2008 robbery pursuant to 720 ILCS 5/18-1(a) (1999).

---

[1] Mosley was housed at FCI Greenville in Greenville, Illinois, at the time his Petition was filed (Doc. 1), but was transferred to Hazelton USP during the pendency of this action. (Doc. 20). Because Mosley was detained within this District at the time he filed his Petition, this Court retains jurisdiction to resolve this matter even after his transfer to Hazelton USP. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). The Court's jurisdiction is "in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court." *Id*. at 441 n. 14; *see also United States ex rel Circella v. Sahli*, 216 F.2d 33, 37 (7th Cir. 1954).

1

Mosley now invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), to challenge his ACCA enhancement based on these prior convictions and argue that he is entitled to be resentenced without said enhancement. Specifically, Mosley argues that the Illinois residential burglary statute criminalizes broader behavior than the generic federal definition of "burglary" because it potentially criminalizes the entry or remainder into "mobile home[s], trailer[s], or other living quarters" that may not be buildings or structures under the generic definition. (Doc. 1, pp. 4–7). Mosley also makes brief mention of his prior robbery conviction (Doc. 1, p. 3; Doc. 17, p. 1), but does not further develop his argument regarding the robbery statute. Ultimately, Mosley argues that these convictions were improperly considered to be violent felonies under the ACCA and can no longer support his enhanced sentence in light of *Mathis*.

Respondent opposes issuance of the writ on multiple grounds. In an argument Respondent acknowledges is inconsistent with the current law of the Seventh Circuit, Respondent contends that inmates who have previously sought post-conviction relief under Section 2255 may not use Section 2255(e)'s savings clause to challenge his or her sentence via a Section 2241 petition. (Doc. 13, pp. 4–15). Respondent also argues that Mosley's failure to raise a similar argument on direct appeal bars his petition under the procedural default rule. (*Id*. at pp. 16–18). Respondent asserts that Mosley has affirmatively waived his right to collaterally attack his sentence via Sections 2255 and 2241 in his plea agreement (*Id*. at pp. 18–20), and also argues that even if the Court reaches the merits of Mosley's Petition, his Petition must fail because his prior Illinois residential burglary and robbery convictions were properly considered predicate violent felonies under the ACCA. (*Id*. at pp. 20–23).

Mosley filed a reply in support of his Petition. (Doc. 17).

### RELEVANT FACTS AND PROCEDURAL HISTORY

On April 15, 2013, Mosley pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Mosley*, No. 13-cr-30026-NJR-1, Doc. 21 (S.D. Ill. Apr. 15, 2013). Mosley entered into a written Plea Agreement, in which he agreed that he was properly considered an Armed Career Criminal under the ACCA based on his criminal history, which explicitly included his prior Illinois robbery and residential burglary convictions, and would potentially be subject to a sentence of 15 years to life imprisonment. *Id.* at pp. 4–7. Mosley also agreed that he:

> knowingly and voluntarily waive[d] his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28 [of the United States Code], or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.

*Id.* at pp. 7–8.[2]

Mosley's Presentence Report ("PSR") determined that his prior criminal history, including his Illinois robbery and residential burglary convictions, qualified him for the ACCA enhancement and set his minimum term of imprisonment at 15 years (180 months) pursuant to 18 U.S.C. §§ 922(g)(1) and 942(e). *Id.* at Doc. 38, p. 17. Mosley did not object to the findings in the PSR, *id.* at Doc. 39, and was ultimately sentenced to 180 months imprisonment. *Id.* at Doc. 42.

Mosley did not file a direct appeal. After being sentenced, he filed a motion under 28 U.S.C. § 2255 relying on *Johnson v. United States*, 576 U.S. –, 135 S. Ct. 2551 (2015), to argue that his Illinois robbery conviction could not be considered a crime of violence under the ACCA.

---

[2] Mosley's plea agreement contained two express exceptions to this waiver, neither of which are applicable to the Petition in this case: (1) Mosley reserved the right to appeal or bring collateral challenges where "any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that **renders the defendant actually innocent** of the [underlying] charges[;]" and (2) Mosley reserved the right to bring an appeal based upon Sentencing Guidelines amendments made retroactive by the United States Sentencing Commission. *Id.* at p. 8.

*Mosley v. United States*, No. 16-cv-0206-NJR, Doc. 1 (S.D. Ill. Feb. 26, 2016). This motion was denied on the merits. *Id*. at Doc. 9. Mosley did not appeal the denial of his Section 2255 petition, but he did seek authorization to file a second Section 2255 petition from the Seventh Circuit using the same theory he puts forth in the instant Petition. That request was summarily denied. *Id*. at Doc. 16, pp. 1–2.

#### APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to only *one* challenge of his conviction and sentence under Section 2255. A prisoner may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

It is possible, however, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. 28 U.S.C. § 2255(e) contains a "savings

clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Last, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Since *Davenport*, the Seventh Circuit has made it clear that "there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## ANALYSIS

Mosley, invoking *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), challenges the use of his prior Illinois residential burglary and robbery convictions as a basis for his ACCA sentencing enhancement. The sentencing court found these convictions to be "violent felonies"

5

under the ACCA—the residential burglary convictions were violent felonies under the ACCA's enumerated clause because they "[were] burglary," 18 U.S.C. § 924(e)(2)(B)(ii), and the robbery conviction was a violent felony under the ACCA's elements clause by virtue of it "ha[ving] as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i).

Mosley argues that the Illinois residential burglary statutes in effect at the time of his convictions, *see* 720 ILCS 5/19-3 (1985)[3] and 720 ILCS 5/19-3 (2001), criminalized the entry and/or remaining in dwellings such as mobile homes, trailers, and other locations that are not "buildings or structures," therefore making these statutes broader than the generic definition of burglary as set forth in *Mathis* and other Supreme Court precedents. 720 ILCS 5/18-1(a) (1999). Mosley also states that his Petition is "attack[ing] his prior [robbery] conviction" under these same principles, (Doc. 1, p. 3), but does not develop this argument any further.

While Respondent makes several arguments on theories he admits are "inconsistent with the current law of this circuit" and this Court's prior rulings (Doc. 13, pp. 4–5, 16), the Court need not reach these arguments because Mosley's *Mathis* claims plainly fail on the merits.

*Mathis* applied Supreme Court precedent that began with *Taylor v. United States*, 495 U.S. 575 (1990), directing courts to use the "categorical approach," looking not to the *facts* of the prior crime but to the statutory *elements* of the prior conviction, when determining whether a prior crime counts as a predicate crime of violence for purposes of an ACCA sentencing enhancement. *Mathis*, 136 S. Ct. at 2248. A prior crime qualifies as a predicate "if its elements are the same as, or narrower than, those of the generic offense." *Mathis*, 136 S. Ct. at 2247. *Mathis* clarified that only if a statute is "divisible" into different elements, each defining a distinct crime, may the court use

---

[3] In 1985, this statute was codified at ILL. REV. STAT. Ch. 38, ¶ 19-3, and the language remained unchanged through the time of Mosley's 2001 residential burglary conviction.

6

the "modified categorical approach" to examine a limited set of state court documents to determine under which element the predicate crime occurred. *Mathis*, 136 S. Ct. at 2248; *see also Van Cannon v. United States*, 890 F.3d 656, 663 (7th Cir. 2018). The Court will analyze Mosley's residential burglary and robbery convictions under *Mathis* in turn.

**Illinois Residential Burglary**

Mosley was convicted in 2001 and 2004 under Illinois' residential burglary statute. The version of the statute in effect at the time of his 2001 conviction provided that "[a] person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." ILL. REV. STAT. Ch. 38 ¶ 19-3(a) (1985). The term "dwelling" was defined by another statute, which at the time provided that "[f]or the purposes of Section 19-3 of this Code, 'dwelling' means a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or occupants actually reside or in their absence intend within a reasonable period of time to reside." ILL. REV. STAT. Ch. 38 ¶ 2-6(b) (1987).[4]

Citing *Mathis*, Mosley argues that Illinois' residential burglary statutes' definition of "dwelling" would criminalize the burglary of "mobile homes and trailers," as well as "housetrailers, watercrafts[sic], aircrafts[sic], motor vehicles and railroad cars, to the extent someone resides in such locations . . . ." (Doc. 1, p. 7). According to Mosley, this shows that the Illinois statute's locational element is broader than the "generic definition" of burglary as set forth

---

[4] While Illinois' residential burglary statute was amended between Mosley's 2001 and 2004 convictions, adding that residential burglary could be committed by remaining within a dwelling, or entering/remaining within any part of a dwelling, the amendment did not substantively change the statute for purposes of the ACCA's enumerated clause analysis and need not be discussed further. *See Smith v. United States*, 877 F.3d 720, 722 (7th Cir. 2017) (finding that the 2001 amendments to the text of Illinois' residential burglary statute "are irrelevant for the purpose of § 924(e)"). Illinois has not amended the definition of "dwelling" since 1987. *Id*.

7

by the Supreme Court in *Taylor* and *Mathis*.[5]

For some time prior to Mosley's habeas filing, the Seventh Circuit had not addressed whether the locational element of Illinois' residential burglary statute was broader or narrower than the generic definition of burglary as set forth by the Supreme Court, although it had indicated that residential burglary was properly considered as a predicate offense under the ACCA's enumerated clause. *See Dawkins v. United States*, 809 F.3d 953, 954 (7th Cir. 2016) ("[Illinois' r]esidential burglary [statute], however, . . . satisfies the ruling in *Taylor v. United States* . . . for purposes of a § 924(e) enhancement . . . ."). Just three months before Mosley filed the Petition in this case, however, the Seventh Circuit conclusively rejected Mosley's argument that Illinois' definition of "dwelling" is broader than the generic definition of burglary.

In *Smith v. United States*, 877 F.3d 720 (7th Cir. 2017), the Seventh Circuit held that "[a] violation of 720 ILCS 5/19-3 is generic burglary for the purpose of [the ACCA] and similar federal recidivist statutes." 877 F.3d at 724. The defendant in *Smith*, like Mosley, argued that the statute's references to "trailers" and "other living quarters" could be interpreted to include houseboats, tents, or even cars, which would be broader than the generic "building or structure" locational element set forth in *Taylor* and its progeny. Notably, however, the panel, after reviewing Illinois state courts' interpretation of the statute, as well as the Supreme Court's jurisprudence on the issue through *Mathis*, concluded that the residential burglary statute's definition of "dwelling" does not cover the entry of vehicles, boats, or tents, unlike the non-residential burglary statute. *Id*. at 722–25. Noting that it was "unlikely that the Justices set out in *Taylor* to adopt a definition of generic burglary that is satisfied by no more than a handful of states—if by any," the panel concluded that

---

[5] The *Taylor* court defined the generic meaning of burglary to be "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id*. This is the generic definition of burglary analyzed in *Mathis*. 136 S. Ct. at 2248.

Illinois residential burglary "is 'burglary' under [18 U.S.C.] § 924(e)(2)(B)(ii)." *Id*. at 725.

The fact that the Seventh Circuit has conclusively held that Mosley's argument fails is sufficient in itself to deny Mosley's relief relating to his residential burglary convictions. Moreover, the Seventh Circuit's conclusion has been bolstered by recent Supreme Court precedent holding generic burglary "includes burglary of a structure **or vehicle** that has been adapted or is customarily used for overnight accommodation." *United States v. Stitt*, 139 S. Ct. 399, 403–04 (2017) (emphasis added).

This Court is bound by the Seventh Circuit's decisions, and the Seventh Circuit in *Smith* directly rejected Mosley's argument that the Illinois residential burglary statute in effect at the time of his 2001 and 2004 convictions runs afoul of *Taylor* or *Mathis*. Accordingly, Mosley's requested relief, to the extent that it relies on *Mathis*' supposed invalidation of his residential burglary convictions as predicate offenses for his ACCA sentencing enhancement, is **DENIED** and **DISMISSED with prejudice**.

### Illinois Robbery

Mosley makes only a single, passing reference to his 2008 Illinois robbery conviction, stating that his Petition "attacks his prior conviction's" [sic] including said robbery conviction. (Doc. 1, p. 3). Out of an abundance of caution, Respondent briefly addresses the merits of this assertion. (Doc. 13, p. 23). As with Mosley's residential burglary convictions discussed above, however, binding Seventh Circuit precedent directly forecloses Mosley's argument that his Illinois robbery conviction does not meet the requirements of the ACCA's elements clause under *Mathis*.

Mosley was previously convicted of robbery under 720 ILCS 5/18-1(a),[6] which provided that "[a] person commits robbery when he or she takes property, except a motor vehicle covered

---

[6] This statute was formerly codified at Ill. Rev. Stat. Ch. 38, ¶ 18-1.

by Section 18-3 or 18-4, from the person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-1(a) (2008). The Seventh Circuit has long held that Illinois robbery under 720 ILCS 5/18-1(a) satisfies the ACCA's definition of violent felony because they both have as an element the "use, attempted use, or threatened use of physical force."[7] *See, e.g., United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990); *United States v. Bedell*, 981 F.2d 915, 916 (7th Cir. 1992); *United States v. Chagoya-Morales*, 859 F.3d 411, 422 (7th Cir. 2017).

Notably, in June 2019, the Seventh Circuit re-affirmed these holdings in the context of the ACCA. In *Klikno v. United States*, the panel reconsidered several petitioners' arguments that Illinois' robbery and armed robbery statutes did not require a sufficient degree of force to categorically match the degree of force necessary to support a sentencing enhancement under the ACCA, after a previous holding was vacated and remanded by the Supreme Court in light of its ruling in *Stokeling v. United States*, – U.S. –, 139 S. Ct. 544 (2019). *Klikno*, 928 F.3d 539, 541 (7th Cir. 2019). In its analysis of whether Illinois' ordinary robbery statute satisfies the test set out in *Stokeling*, the Seventh Circuit conclusively held that "Illinois['] simple robbery crime [under 720 ILCS 5/18-1(a)] has as an element the use of physical force as understood by the *Stokeling* Court," and thus a conviction under that statute may be used as a predicate under the ACCA. *Id*. at pp. 547–49. This holding was based on an analysis of Illinois state court rulings and the conclusion that Illinois' simple robbery statute requires the sufficient use or threat of force to meet the threshold of force required by the ACCA's elements clause. *Id*. at pp. 544–45.

As stated above, this Court is bound by the Seventh Circuit's decisions, and the Seventh

---

[7] While some of these cases were decided in the context of the career offender analysis under U.S.S.G. §§ 4B1.1 and 4B1.2 rather than 18 U.S.C. § 924(e), the Seventh Circuit interprets these sections in the same way due to the identical language used by both. *See, e.g., United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008) (citing *United States v. Upton*, 512 F.3d 394, 404 (7th Cir. 2008); *United States v. Howze*, 343 F.3d 919, 924 (7th Cir. 2003)).

10

Circuit in *Klikno* specifically rejected Mosley's argument that Illinois' simple robbery statute runs afoul of *Taylor* or *Mathis*. Accordingly, Mosley's requested relief, to the extent that it relies on *Mathis*' supposed invalidation of his 2008 Illinois robbery conviction as a predicate offense for his ACCA sentencing enhancement, is **DENIED** and **DISMISSED with prejudice**.[8]

CONCLUSION

For the reasons set forth above, Mosley's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1), is **DENIED**. This action is **DISMISSED WITH PREJUDICE**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of

---

[8] As previously stated, the Court declines to delve into Respondent's other arguments because Mosley's *Mathis* claims plainly fail on their merits. However, the Court notes that Mosley's waiver of his right to challenge his conviction and sentence under Title 28 of the United States Code, *see supra* p. 3, appears to be valid, enforceable, and not subject to any of the exceptions set forth in his Plea Agreement. Such waivers have been recognized as valid and enforceable by the Seventh Circuit, *see, e.g.*, *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016) ("As part of a plea agreement, a defendant may validly waive his right to challenge his conviction and sentence on direct appeal or collateral review under 28 U.S.C. § 2255."), and Mosley has not even argued, let alone actually demonstrated, that his waiver was not made knowingly and voluntarily. *See United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999).

the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: September 5, 2019**

NANCY J. ROSENSTENGEL
Chief U.S. District Judge