# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANYAHLE L. MOSLEY, #10113-025, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 18-cv-574-NJR |
| BRYAN M. ANTONELLI, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Petitioner Danyahle L. Mosley's Motion pursuant to Federal Rule of Civil Procedure 59(e), filed on September 23, 2019, to challenge the dismissal of his case. (Doc. 27). Mosley's motion was filed within the 28-day deadline for a Rule 59(e) motion.

The Court dismissed Mosley's Habeas Petition on September 5, 2019. (Doc. 25). Mosley is serving a 180-month sentence imposed by this Court (*United States v. Mosley*, 13-cr-30026-NJR, Doc. 42 (S.D. Ill. Oct. 7, 2013)) after he pled guilty to being a felon in possession of a firearm. Mosley's Petition, filed under 28 U.S.C. § 2241, challenged the enhancement of his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), based on his three prior Illinois felony convictions: two residential burglaries (in 2001 under 720 ILCS 5/19-3 (1985), and in 2004 under 720 ILCS 5/19-3 (2001)), and a 2008 robbery pursuant to 720 ILCS 5/18-1(a) (1999). Mosley focused his arguments on the residential burglary priors, claiming that the statute governing his convictions was overbroad in light of *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016). He did not develop his argument challenging the prior robbery conviction. (Doc. 1, p. 3; Doc. 17, p. 1; Doc. 25, pp. 2, 6). He had earlier filed an unsuccessful motion under 28 U.S.C.

§ 2255 based on *Johnson v. United States*, 576 U.S. –, 135 S. Ct. 2551 (2015), asserting that the robbery conviction could not be used to enhance his sentence under the ACCA. *Mosley v. United States*, No. 16-cv-0206-NJR, Doc. 1 (S.D. Ill. Feb. 26, 2016).

In dismissing the Petition, this Court concluded that the relevant versions of the Illinois residential burglary statute and the statutory definition of "dwelling" were not overbroad when compared to the definition of "generic burglary" outlined in *Mathis* and *Taylor v. United States*, 495 U.S. 575 (1990). (Doc. 25, pp. 8-9). The Seventh Circuit had rejected Mosley's very argument in *Smith v. United States*, 877 F.3d 720, 724 (7th Cir. 2017); *see also United States v. Stitt*, 139 S. Ct. 399, 403-04 (2017).

Likewise, this Court found that Mosley's 2008 Illinois robbery conviction was properly used as a predicate "violent felony" to enhance his sentence under the ACCA, because the Illinois statute includes the use or threat of force as an element of the offense. (Doc. 25, pp. 9-11); *see Klikno v. United States*, 928 F.3d 539, 541, 547 (7th Cir. 2019).

Mosley's motion states that on March 3, 2019, he filed an amendment to his Section 2241 Petition regarding the Illinois robbery statute. (Doc. 27, p. 2). But the Court never received any such amendment or motion to amend. The docket sheet in this case reflects that after Mosley filed a notice of address change in September 2018 (Doc. 20), the only other document he filed was a motion requesting a status update on the case, submitted on April 21, 2019, and docketed on April 26. (Doc. 22).[1] Mosley's motion goes on to argue, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the 2008 Illinois robbery could not have been used for the ACCA enhancement because, he claims, it did not have the use of physical force as an element and did not constitute a

---

[1] A review of Mosley's criminal case (No. 13-cv-30026-NJR) and Section 2255 case (No. 16-cv-206-NJR) in this Court reveals that his purported March 2019 amendment was not mistakenly filed in either of those cases.

violent felony under the ACCA. (Doc. 27, pp. 3-5). This argument fails, however, under the authority discussed in the Order dismissing Mosley's Petition. (Doc. 25, pp. 9-11); *Klikno*, 928 F.3d at 541, 547. In light of this Seventh Circuit precedent, the Court would have reached the same conclusion even if Mosley's purported March 2019 amendment had been received.

A motion under Rule 59(e) may only be granted if the movant shows there was a manifest error of law or fact or presents newly discovered evidence that could not have been discovered previously. *See, e.g.*, *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Mosley's motion fails to demonstrate any legal or factual error, and presents no grounds for alteration or amendment of the Judgment in this case.

Upon review of the record, the Court remains persuaded that its dismissal of the Petition with prejudice was correct. Therefore, the Motion Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 27) is **DENIED**.

Mosley's filing of the Rule 59(e) motion (Doc. 27) suspended the deadline for him to appeal the dismissal of his case. Therefore, if he wishes to appeal the dismissal of his Habeas Petition, his notice of appeal must now be filed with this Court within 60 days of the date of ***this*** Order. FED. R. APP. P. 4(a)(1)(B) and 4(a)(4)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir.

2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: January 13, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**